UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Revised 05/01 WDNY

FILED MAY 22 2013 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

Walter Buckingham

Jury Trial Demanded: Yes __ No ___

Name(s) of Plaintiff or Plaintiffs

-vs-

Lewis General Tires, Inc.

Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**
___-CV-___

**13 CV 6264 L**

---

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

**X** Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

> **NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

> **NOTE**: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

> **NOTE**: In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

1. My address is: 16 Elk Street
   Rochester, N.Y., 14615

   My telephone number is: (585) 254-7917

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: Lewis General Tires, Inc.
   Number of employees: _____
   Address: 3870 West Henrietta Road
   Rochester, N.Y. 14623

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: _____
   Address: _____

4. I was first employed by the defendant on (date): July 6, 2010

5. As nearly as possible, the date when the first alleged discriminatory act occurred is: April 13, 2012

6. As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): March 31, 2012; April 13, 2012; May 16, 2012 and May 18, 2012

7. I believe that the defendant(s)

   a. _X_  Are still committing these acts against me.
   b. ___  Are not still committing these acts against me.
   (Complete this next item **only** if you checked "b" above)  The last discriminatory act against me occurred on (date) _____

8. (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

   The date when I filed a complaint with the New York State Division of Human Rights is June 6, 2012
   (estimate the date, if necessary)

   I filed that complaint in (identify the city and state): Rochester, New York

2

The Complaint Number was: __Case No. 10155732__

9. The New York State Human Rights Commission did __X__ /did not _____ issue a decision. (NOTE: If it did issue a decision, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: __December 19, 2012__

11. The Equal Employment Opportunity Commission did __X__ /did not _____ issue a decision. (NOTE: If it did issue a decision, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: __March 18, 2013__. (NOTE: If it did issue a Right to Sue letter, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application process

    b. _____ Failure to employ me

    c. __X__ Termination of my employment

    d. _____ Failure to promote me

    e. _____ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. _____ Retaliation because I complained about discrimination or harassment directed toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed toward others

    j. _____ Other actions (please describe) __I was discriminated against because of my race and color black (African-American)__

3

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

   a. __X__ Race
   b. __X__ Color
   c. _____ Sex
   d. _____ Religion
   e. _____ National Origin
   f. _____ Sexual Harassment
   g. _____ Age
   _____ Date of birth
   h. _____ Disability
   Are you incorrectly perceived as being disabled by your employer?
   ___ yes ___ no

15. I believe that I was __X__/was not _____ intentionally discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are __X__ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _____

17. A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim. (NOTE: You must attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
   ___ **has not** issued a Right to sue letter
   __X__ **has** issued a Right to sue letter, which I received on March 18, 2013

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

1. On March 29, 2012, I heard people making racial slurs while on my job, at Lewis General Tires Inc., located at 3870 West Henrietta Road, Rochester, NY, 14623.

2. On May 16, 2012, I was the only black African-American employee working for Lewis General Tires, Inc. I was told that I was laid off, because they said that they didn't have any work for me to do.

3. On May 18, 2012, the company (Lewis General Tires, Inc.) indicated that I was terminated. It was apparent to me that this company discriminated against me, due to hiring Caucasians to fill my job positions.

4. I have more details and information. But, due to the fact that this is a part of my case, I will disclose at a later time.

4

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
_____ 60 days or more have elapsed  _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

22. The date on which I first asked my employer for reasonable accommodation of my disability is _____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

24. The reasonable accommodation provided to me by my employer were \_\_\_\_\_/were not \_\_\_\_\_ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 5-21-13        *Walter Buckingham*
                               Plaintiff's Signature

5

PITNEY BOWES
$ 000.45⁰
02 1P
0004662993  DEC 13 2012
MAILED FROM ZIP CODE 14607

Walter Buckingham
16 Elk St.
Rochester, NY 14615

14615#3206 C015

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
DIVISION OF HUMAN RIGHTS
ROCHESTER REGIONAL OFFICE
One Monroe Square
259 Monroe Avenue, Room 308
Rochester, NY 14607



ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

WALTER BUCKINGHAM,

                            Complainant,

        v.

LEWIS GENERAL TIRE, INC.,

                            Respondent.

---

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10155732

Federal Charge No. 16GB203497

On 6/22/2012, Walter Buckingham filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

There is no evidence his race and color had an impact on the wage he was paid. There is also no evidence respondent used race and color as criteria when the work hours of all hourly paid employees were reduced. Complainant was later permanently laid off due to economic conditions. Two of the individuals to whom complainant compares himself, who were not laid off, are individuals whose tenure with respondent exceeds that of complainant. The respondent subsequently hired a new employee, but this employee was not similarly situated to the complainant as he possesses employment skills which the complainant does not have. The evidence does not support a conclusion that the complainant was treated in a disparate manner nor unlawfully terminated based on his race/color.

The complaint is therefore ordered dismissed and the file is closed.



**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**
ONE FORDHAM PLAZA, FOURTH FLOOR
BRONX, NEW YORK 10458

(718) 741-8400
Fax: (718) 741-3214
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

Dear Division User:

In an effort to improve the quality of the services we offer, the Division of Human Rights is conducting a Customer Satisfaction Survey to measure the overall satisfaction of complainants, respondents, and counsel with the Division's process and personnel. You can participate in the Survey by visiting our website, at: www.dhr.ny.gov/survey.html.

Please take a few moments and share your thoughts and ideas by completing our online Customer Satisfaction Survey. Your feedback is critical to ensuring that the Division continues to improve and operates in the most professional, fair, and efficient manner as possible. We thank you for helping in that effort.

Sincerely,

*Galen D. Kirkland*

Galen D. Kirkland
Commissioner

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case

Dated: DEC 1 2 2012

Rochester, New York

STATE DIVISION OF HUMAN RIGHTS

By: *Julia B Day*

Julia B. Day
Regional Director

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

14615≈305 0015



02 1R
0002007485
MAILED FROM ZIP CODE 10004
UNITED STATES POSTAGE
$00.460
MAR 15 2013
PITNEY BOWES

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Walter Buckingham
16 Elk Street
Rochester, NY 14615

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 16G-2012-03497
EEOC Representative: Holly M. Woodyard, Investigator
Telephone No.: (212) 336-3643

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Kevin J. Berry,
District Director

March 15, 2013
(Date Mailed)

Enclosures(s)

cc:
LEWIS GENERAL TIRE, INC.
Attn: Director of Human Resources
3870 West Henrietta Road
Rochester, NY 14623