UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER BUCKINGHAM,

Plaintiff,

v.

Docket Number:
1:13-CV-06264EAW-MWP

LEWIS GENERAL TIRES, INC.,

Defendant.

---

**NOTICE OF MOTION**

| | |
|---|---|
| **MOTION BY:** | Defendant, LEWIS GENERAL TIRES, INC., by its attorneys, ROACH, BROWN, McCARTHY & GRUBER, P.C. |
| **DATE, TIME & PLACE OF HEARING:** | **To be determined by the Court, if necessary.** |
| **SUPPORTING PAPERS:** | Affidavit of Mark. R. Affronti, Esq. with Exhibits. |
| **RELIEF REQUESTED:** | An Order of the Court dismissing this action and for such other and further relief as the Court deems just and proper. |
| **GROUNDS FOR RELIEF:** | Fed. R. Civ. P. ("Rule") 37. |

Dated: July 16, 2014

**ROACH, BROWN, McCARTHY & GRUBER, P.C.**

By /s/ Mark R. Affronti
Mark R. Affronti, Esq.

*Attorneys for Defendant*
LEWIS GENERAL TIRES, INC.
1920 Liberty Building

Buffalo, New York 14202
Telephone No.: (716) 852-0400
maffronti@roachbrown.com

TO: **Walter Buckingham, Pro Se**
16 Elk Street
Rochester, New York 14615

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WALTER BUCKINGHAM,

Plaintiff,

v.

LEWIS GENERAL TIRES, INC.,

Defendant.

Docket Number:
1:13-CV-06264EAW-MWP

**ATTORNEY AFFIDAVIT**

MARK R. AFFRONTI, ESQ., duly sworn, deposes and says:

1. That I am attorney at law duly licensed to practice in the State of New York and Western District of New York and am associated with the law firm of ROACH, BROWN, McCARTHY & GRUBER, P.C., attorneys for the defendant, LEWIS GENERAL TIRES, INC. As such I am fully familiar with the facts and proceedings herein.

2. This affidavit is respectfully submitted in support of Defendant's Motion for an Order of this Court dismissing this action and for such other and further relief as the Court deems just and proper

3. Plaintiff, proceeding *pro se*, commenced this action by filing his complaint in the United States District Court for the Western District of New York and completing service upon the defendant on or about July 11, 2013. [Docket 1 and 6].

4. Issue was joined on July 30, 2013. [Docket 7].

5. Pursuant to the order of Hon. David G. Larimer and in conformity with Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16.2(a), this Court upon referral, conducted an initial conference

on October 9, 2013 which resulted in an initial Case Management Order [Docket 11].

6. Pursuant to the terms of the Case Management Order, the parties were to exchange all mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, by December 6, 2013.

7. In accordance with that direction, defendant filed and served its Rule 26 initial disclosures on December 4, 2013. [Docket 14].

8. Thereafter, Plaintiff filed and served documents styled as Rule 26 disclosures [Docket 15], which lacked the information, materials, and disclosures mandated by the statute.

9. Over the next several months, your deponent made repeated good faith attempts to obtain this necessary information. Your deponent's various attempts were outlined extensively in the previous Motion to Preclude/Compel brought before this Court. [Docket 24].

10. Your deponent adopts and incorporates the chronology and exhibits set forth in the previous Motion [Docket 24] as if set forth fully herein.

11. As a consequence of Plaintiff's repeated refusal to provide discovery and the defendant's resulting Motion [Docket 24], this Court scheduled an appearance on April 15, 2014 to address this discovery issue, as well as several others, including Plaintiff's refusal to provide responses to Defendant's First Set of Interrogatories and Document Demands [Docket 23].

12. Both parties were present for the April 15, 2014 appearance/status conference with the Court.

13. During the April 15, 2014 appearance, the Court denied Defendant's Motion to Compel/Preclude *without prejudice to renewal* and explained to plaintiff precisely what Rule 26 requires him to provide to the defendant. Your Honor specifically directed plaintiff to provide the defendants, with (1) a specific statement of each category of damages; (2) a computation of damages

for each such category; and (3) an explanation as to how plaintiff arrived at the figure cited.

14. Your Honor advised Plaintiff that if he refused to provide this information to the defendant by April 25, 2014, your deponent would be entitled to move the Court for appropriate relief.

15. Also during our April 15, 2014 appearance, the Court addressed the various outstanding discovery responses that Plaintiff owed to Defendant, namely, responses to the First Set of Interrogatories and Demand for Documents served on March 7, 2014 [Docket 23]. We discussed that said demands had been purposefully propounded in advance of plaintiff's then scheduled deposition so as to allow a review of the necessary information prior to oral questioning. We further discussed Plaintiff's refusal to provide any response to those demands and also the subsequent good faith effort made by your deponent to obtain a response. Our discussion also included the necessity for having to once again adjourn the deposition of the Plaintiff as a result of his refusal to cooperate in the discovery process.

16. As a result, the Court directed Plaintiff to provide responses as demanded and inquired as to the amount of additional time Plaintiff would need to do so. The Court, very generously, directed that Plaintiff provide responses within thirty (30) days thereof.

17. An Order and Amended Case Management Order (one document) was issued and entered by the Court on the day following our appearance. [Docket 36].

18. Thereafter, on April 24, 2014, Plaintiff filed a "Damages Claim Disclosure" [Docket 38] consisting of bullet-points followed by rather confusing and unclear text. Said document did not contain the information that the Court directed that Plaintiff provide and instead raised several new issues and areas previously undisclosed.

19. Upon receipt of [Docket 38], your deponent reached out to Plaintiff via written correspondence to address the impropriety of said filing. A copy of that April 24, 2014 letter is annexed hereto as **Exhibit "A"**. Defendant outlined the deficiencies of that filing, informed the plaintiff how to correct said deficiencies, requested the documentation referenced in that disclosure as mandated by Rule 26, and also enclosed authorizations for the obtaining of relevant treatment records, the need for which was first raised in the disclosure. See **Exhibit "A"**. In so doing, and in good faith, your deponent also offered to accept a supplemental Rule 26 disclosure, along with the necessary documents and authorizations, within ten (10) days therefrom.

20. Despite the defendant's efforts, no supplementation, disclosure, phone call, or response was received.

21. Accordingly, a second good faith attempt was made via letter on May 7, 2014, a copy of which is annexed hereto as **Exhibit "B"**.

22. To date, there has yet to be any supplementation, disclosure, phone call, or response from the Plaintiff.

23. We are now more than eight (8) months removed from when Plaintiff's Rule 26 disclosures were due. Your deponent made repeated good faith attempts to obtain this information, only to be rebuffed by the plaintiff, necessitating a motion to this Court which was heard back in April. At the hearing of that motion, this Court was very kind to the plaintiff in denying the relief sought , *without prejudice*, and in giving Plaintiff very detailed instructions on what is required by the statute and also permitting him a substantial extension of time in which to comply. Despite this Court's generosity, Plaintiff failed to comply once again, and your deponent then made two (2) additional attempts to obtain this necessary information.

24. Plaintiff still refuses to provide the defendant with the information and materials as directed by this Court.

25. Plaintiff's continued refusal to participate in the discovery process, to communicate with the defendant, and overall obstructive behavior requires dismissal of this action.

26. Plaintiff's abuse of both the discovery process and the lenience granted to him by the Court is not limited to Rule 26 disclosures, documents referenced but withheld from disclosure, nor to Plaintiff's refusal to provide authorizations; rather, Plaintiff's obstructive behavior also extends to the lack of appropriate responses to the defendant's First Set of Interrogatories and Request for Production of Documents [Docket 23] which were also addressed at the Court conference back on April 15, 2014.

27. As the Court may recall, Plaintiff's responses were overdue as of the date of the April 2014 conference and defendant had already made a good faith attempt at securing a response. The Court inquired as to how much time Plaintiff needed to respond, and upon his request for thirty (30) days, directed that responses be so provided.

28. On May 7, 2014, Plaintiff filed a "response". [Docket 40].

29. Said "response" does not contain a single answer to any of the five (5) interrogatories propounded by the defendant nor is there any documentation provided in response to the demand for production. Rather, Plaintiff acknowledged withholding documents from the defendant while failing to identify any privilege or exemption under which he is doing so and further failed to provide a privilege log as required. Plaintiff also raised objections as to relevance which are entirely misplaced and then also attempted to invoke his constitutional right against self-incrimination.

30. Said response is entirely obstructive and does not provide the defendant with any of the information which was demanded.

31. Nonetheless, once again and in good faith, the defendant reached out to Plaintiff via letter to address his filing. On May 14, 2014, your deponent sent correspondence to the Plaintiff outlining the various issues with his response [Docket 40]. A copy of that letter is annexed hereto as **Exhibit "C"**.

32. Once again, the defendant appropriately outlined the deficiencies, requested correction, and offered to accept an appropriate response by May 21, 2014. Plaintiff was advised that his continued refusal to participate in discovery as directed by the Court would leave the defendant with no other choice but to file the instant motion.

33. Plaintiff failed to respond or contact the defendant within the time period requested and instead, two weeks later, filed a document which lists the dates that his previous filings were docketed. [Docket 41].

34. The materials and information Plaintiff has outrightly refused to provide are necessary to the defense of this action. It is only after significant attempts to obtain this information unsuccessfully that the defendant seeks relief from the Court, including several good faith attempts via written correspondence and a previously filed motion.

35. Pursuant to the Local Rules of this District, a *pro se* plaintiff is required to become familiar with, follow, and comply with both the Federal Rules of Civil Procedure as well as the Local Rules of this Court. See Local Rule 5.2 (i).

36. The plaintiff herein has simply refused to provide complete Rule 26 disclosures as mandated, despite being ordered to do so by this Court on two separate occasions [Docket 11 and Docket 36] and further despite the defendant's repeated requests for same. Plaintiff has also failed to provide the additional information and discovery materials requested and has further refused to provide appropriate responses to both the defendant's interrogatories and demand for documents.

37. The Court's most recent Order and Amended Scheduling Order [Docket 36] requires that all factual discovery be complete by the end of August 2014.

38. This deadline set by the Court followed the April 15, 2014 conference whereupon the various aforementioned discovery issues were addressed and the importance of cooperation and participation by the Plaintiff was stressed by both Your Honor and the defendant.

39. It was made clear to the Plaintiff that his cooperation in the discovery process, and compliance with the both the Federal Rules and the Local Rules of this Court, were required for this case to continue.

40. Plaintiff has failed to take heed of that warning and has continued to remain obstructive and uncooperative.

41. This case has been on the federal docket for more than one year and the defendant has been unable to secure even the most basic of paper discovery from the plaintiff. Plaintiff's actions have necessitated the rescheduling of his deposition no less than three (3) times to date and we are no closer now to completing discovery than we were seven (7) months ago despite repeated requests and a motion to compel.

42. Under the circumstances, dismissal of the action is entirely appropriate.

**WHEREFORE**, the defendant, LEWIS GENERAL TIRES, INC., respectfully requests an Order of this Court dismissing this action and for such other and further relief as the Court deems just and proper.

/s/ Mark R. Affronti
Mark R. Affronti, Esq.

Sworn to me
this 16h day of July, 2014

/s/ Cheryl A. Smith

Qualified in Erie County
Commission Expires 10/25/16