UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WALTER BUCKINGHAM

                                                                                DECISION & ORDER

                Plaintiff,

                                                                                  13-CV-6264W

            v.

LEWIS GENERAL TIRES, INC.,

                Defendant.
_____

        Pending before the Court is defendant's second motion for discovery sanctions. (Docket # 42). This motion seeks dismissal of the Complaint on the grounds that plaintiff has willfully ignored his discovery obligations. (*Id.*).

        On March 7, 2014, defendant filed the first sanctions motion seeking a preclusion order because plaintiff allegedly had failed to comply with his mandatory disclosure obligations under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. (Docket # 24). On April 10, 2014, plaintiff filed a three-page disclosure, accompanied by supporting documents, summarizing various events occurring during his employment from which his claims apparently arise. (Docket # 34). That summary includes names and titles of various potential witnesses to the events. (*Id.*). Although the documents plaintiff produced apparently included some payroll records, plaintiff did not provide the mandatory damages disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii).

        At oral argument on April 16, 2014, counsel for defendant indicated that the damages disclosure was still outstanding. This Court explained to plaintiff that he was required

to serve and file a statement identifying and computing each category of his claimed damages under Rule 26(a)(1)(A)(iii). This Court set a deadline of April 25, 2014 for such disclosure and denied defendant's motion for sanctions without prejudice to renewal in the event plaintiff did not comply with his obligation. (Docket ## 36, 37). Although not a subject of the motion, the issue of plaintiff's outstanding responses to defendant's discovery requests was also addressed by this Court, and with defendant's counsel's consent, plaintiff was afforded an additional thirty days within which to respond. (Docket # 37).

On April 24, 2014, plaintiff filed a one-page "Damages Claim Disclosure." (Docket # 38). On May 7, 2014, plaintiff responded to defendant's discovery requests, asserting objections to and refusing to respond to the five interrogatories and four document requests. (Docket # 40). Based upon the perceived deficiencies in the Rule 26(a)(1)(A)(iii) disclosure and the discovery responses, and plaintiff's purported failure to respond to defendant's repeated efforts to confer in an attempt to resolve the alleged deficiencies, defendant filed the instant motion for sanctions, this time seeking an order dismissing the Complaint or imposing other sanctions. (Docket # 42). In response, plaintiff has simply requested that the Court deny the sanctions motion without addressing any of the alleged deficiencies. (Docket # 44). In his response, plaintiff also requests that the Court issue an Order compelling defendant to respond more fully to his discovery requests. (*Id.*).

Plaintiff's Rule 26(a)(1)(A)(iii) disclosure reveals that plaintiff seeks damages for lost wages and emotional distress, as well as punitive damages and an award of attorney's fees (although he is representing himself). The disclosure further computes his lost wages and economic damages as $300,000; his emotional distress damages as $300,000; his claimed punitive damages as $300,000; and his claimed attorney's fees as $74,000. Although the

disclosure is not as clear as it could be, it appears that plaintiff's economic damages consist of lost wages and interest, and perhaps some additional component of "financial hardship" damages. The emotional distress damages apparently relate to "anxiety, worry and indignity," "harassment," "taunt[ing]," "loss of enjoyment of life and sleeplessness," "stress on [plaintiff's] ill mother and [him]self," and "physical . . . stress." At this stage of the litigation, and considering plaintiff's *pro se* status, the relatively straightforward nature of his damages claim, and defendant's general familiarity with his claims through the prior administrative proceedings, I decline to strike plaintiff's Rule 26(a)(1)(A)(iii) disclosure as inadequate or to impose any sanctions. *See*, *e.g.*, *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y. 2014) ("Rule 26(a)(1) contemplates an estimate of damages and some analysis[;] "[t]he purpose of Rule 26 disclosures is to avoid surprise or trial by ambush") (internal quotations and citations omitted); *Gemmink v. Jay Peak, Inc.*, 2013 WL 3730937, *1 (D. Vt. 2013) ("[b]ecause [plaintiff] is a *pro se* litigant, his submissions are held to less stringent standards than formal pleadings drafted by lawyers[;] [t]he Second Circuit cautions courts to exercise particular restraint when considering imposing sanctions on *pro se* litigants") (internal quotations and citations omitted). The disclosure certainly may be clarified or explored through discovery, including plaintiff's deposition.

Defendant's motion also references plaintiff's purported failure to provide the documents on which his damages computations are based. (Docket # 42 at ¶ 19). Although that requirement was not specifically addressed at oral argument, plaintiff is obligated to produce or make available for inspection and copying by defendant's counsel those documents in his possession, custody or control "on which each computation [of damages] is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff evidently produced certain documents to defendant's

...

counsel, including some he characterized as payroll records. (*See* Docket # 34 at 3). It is not clear if he has any others. If plaintiff does have any other documents in his possession, custody or control relating to claimed economic damages (particularly any documents supporting any "financial hardship" damages other than lost salary and benefits), emotional distress damages or claims for punitive damages or attorney's fee awards, he must produce to or make them available for counsel for defendant by no later than **March 20, 2015**. Failure to do so may result in the imposition of sanctions, including an order precluding the plaintiff from seeking such damages and/or an order dismissing the case.

Finally, defendant's motion seeks sanctions on the grounds that plaintiff's responses to defendant's discovery responses were "entirely obstructive." (Docket # 42 at ¶ 30). This Court has reviewed plaintiff's responses to defendant's five interrogatories, and although there is insufficient evidence to conclude that plaintiff acted in bad faith, I find that his objections are without merit and the interrogatories appear relevant to the claims at issue in this lawsuit. Plaintiff is hereby ORDERED to answer defendant's five interrogatories and serve and file those answers by no later than **March 20, 2015**. As to the document requests, plaintiff is directed to produce or make available for inspection and copying documents responsive to Requests Nos. 1, 2 and 3.[1] Such documents shall also be produced or made available by **March 20, 2015**. Plaintiff is not required to produce documents responsive to the overly-broad Request

---

[1] Plaintiff's response to defendant's document requests includes a parenthetical sentence: "(I exercise my rights of the Fifth Amendment to the United States Constitution.)" (Docket # 40 at 2). It is not clear whether plaintiff has withheld any documents on this theory, and it is doubtful that the Fifth Amendment privilege would allow him to do so. *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fl. 2012) ("[i]t has long been established that a person may be required to produce specific documents, even though they contain incriminating information"); *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 363 (N.D.N.Y. 2010) ("[g]enerally, the Fifth Amendment does not protect business and personal documents, especially those that are voluntarily prepared, because their creation was never compelled," although the act of production may be protected under the Fifth Amendment) (internal quotation and citation omitted). If plaintiff believes that he has a legal or good faith basis to do so, he must identify which request he is resisting on Fifth Amendment grounds and proffer his reasons for believing that production of documents responsive to that request would tend to incriminate him. His proffer may be submitted *ex parte* to this Court for *in camera* review by **March 20, 2015**. If no such submission is made, the responsive documents, if any, must be produced to defendant's counsel by **March 20, 2015**.

No. 4.  Again, plaintiff is cautioned that his failure to answer the interrogatories and produce the responsive documents may result in the imposition of sanctions.

With respect to plaintiff's request for an order compelling defendant to respond more fully to his requests, such an application is premature.  (Docket # 44).  Plaintiff was reminded at oral argument of the need to confer with defendant's counsel pursuant to Rule 37(a)(1) to attempt to resolve any discovery disputes before bringing a motion to compel.  Plaintiff's filing does not contain the required certification that he has done so, *see* Fed. R. Civ. P. 37(a)(1), and no other evidence in the record suggests that he attempted to confer before filing the application.  Accordingly, it is denied as prematurely filed.

## CONCLUSION

Accordingly, defendant's motion to dismiss the complaint or for other sanctions **(Docket # 42)** is **DENIED**.  Plaintiff's application for an order compelling defendant to respond more fully to plaintiff's discovery requests **(Docket # 44)** is also **DENIED**.  Plaintiff is ordered to produce documents and serve and file interrogatory answers in response to defendant's requests by **March 20, 2015** in accordance with the directions set forth herein.  Plaintiff is further reminded of his obligation to confer with counsel for defendant about any discovery disputes prior to filing any motions relating to those disputes.  Should the Court determine that either party has violated the duty to confer or to communicate with one another in good faith in

order to litigate this action in accordance with applicable rules, appropriate sanctions may be imposed.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 3, 2015