UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WALTER BUCKINGHAM,

                Plaintiff,

      v.

LEWIS GENERAL TIRES, INC.,

                Defendant.
_____

**ORDER**

6:13-CV-06264 EAW

      This case, originally assigned to the Honorable David G. Larimer, was referred for all pretrial matters excluding dispositive motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b)(1). (Dkt. 10). The case was transferred to the undersigned on January 15, 2014. (Dkt. 18). On March 4, 2019, Magistrate Judge Payson issued a thorough Report and Recommendation recommending that Defendant's motion to dismiss for failure to provide discovery (Dkt. 136) be granted (Dkt. 158). Pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1), the parties had 14 days after being served a copy of the Report and Recommendation to file objections. *Pro se* plaintiff Walter Buckingham ("Plaintiff") filed objections on March 18, 2019. (Dkt. 159).

      A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger *de novo* review, objections must "specifically identify the portions of the proposed findings

- 1 -

and recommendations to which objection is made and the basis for each objection." L.R. Civ. P. 72(b); *see, e.g., Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). In the absence of a specific objection, the district court reviews for clear error or manifest injustice. *Singh v. N.Y. State Dep't of Taxation & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Although Plaintiff's objections are mostly conclusory in nature, the Court takes his *pro se* status into consideration. After conducting a *de novo* review, the Court adopts the Report and Recommendation in its entirety for the reasons set forth below and as set forth in more detail in the Report and Recommendation.

Plaintiff contends that "I did get sick in court and wasn't able to focus, concentrate and understand. . . . I did not understand Judge [Payson's] question, which caused a discrepancy in my response to her question regarding a settlement agreement[.]" (Dkt. 159 at 5). The Court has reviewed the transcript from the May 31, 2016, oral argument before Judge Payson referenced by Plaintiff, and finds that the record does not support Plaintiff's contentions. Nothing in the transcript indicates that Plaintiff did not understand the proceedings or Judge Payson's inquiries—to the contrary, Plaintiff gave coherent responses to each of the questions asked by Judge Payson. (Dkt. 122 at 34-37).

Plaintiff also claims that on the day of the deposition ordered by Judge Payson, "his memory went blank, I couldn't concentrate, function and I had a headache. I experienced these conditions due to being discriminated against, disparate treatment and being

FORCED . . . to be deposed[.]" (Dkt. 159 at 4). While Plaintiff's statements regarding his deposition are conclusory, the Court nevertheless has reviewed the deposition transcript (Dkt. 136-2), and finds the Report and Recommendation's description of the proceeding accurate: "[Plaintiff] persistently and implausibly claimed that he could not remember any place he worked before [Defendant]" or anything prior to 2010, and his behavior "underscores the Court's finding that [Plaintiff] purposely obstructed the deposition to frustrate its court-ordered purposes." (Dkt. 158 at 14, 20). *See Weathers v. Rock*, No. 9:13-CV-195 (FJS/DEP), 2015 WL 893117, at *1 (N.D.N.Y. Mar. 2, 2015) (adopting the magistrate judge's recommendation that the *pro se* plaintiff's complaint be dismissed pursuant to Rule 37 over his "conclusory objection" regarding "issues due to 'his mental state'").

The remainder of Plaintiff's objections are non-responsive to the Report and Recommendation—Plaintiff fails to object to any of the Report and Recommendation's analysis pursuant to Federal Rule of Civil Procedure 37, and most of Plaintiff's submission attempts to reassert the discrimination claim underlying the instant action. (Dkt. 159 at 7-27).

Plaintiff additionally objects to an earlier decision denying his request for appointment of counsel. (Dkt. 152; Dkt. 159 at 6). Rule 72(a) provides that a party may file objections to orders on non-dispositive pretrial matters for review by the district judge within 14 days after being served with a copy of the decision. Magistrate Judge Payson issued the order denying Plaintiff's motion to appoint counsel on December 7, 2017. (Dkt.

152). Therefore, any objections to that decision contained in Plaintiff's March 18, 2019, submission are untimely and need not be considered by the Court.[1]

Finally, in his objections, Plaintiff accuses Magistrate Judge Payson of personal bias because of her rulings. (Dkt. 159 at 4, 6, 7). Plaintiff's claims of bias are wholly conclusory and without any support. While Plaintiff may disagree with Magistrate Judge Payson's rulings, there is no justification for his claims of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[.]"); *Adetuyi v. U.S. Power Generating Co.*, No. 10 Civ. 8750(DAB), 2012 WL 3242318, at *1 (S.D.N.Y. Aug. 9, 2012) ("Beyond these conclusory allegations of bias, however, Plaintiff offers no evidence to suggest any bias on the part of [the magistrate judge] or any evidence to suggest that his case has not been fully and fairly reviewed."). Here, no reasonable view of the record could support a finding of bias. Indeed, from the Court's review of the record, Magistrate Judge Payson demonstrated a remarkable amount of judicial restraint when dealing with Plaintiff's obstreperous and dilatory tactics.

Accordingly, for the reasons set forth more fully in the Report and Recommendation (Dkt. 158), the Court adopts the Report and Recommendation in its entirety and grants Defendant's motion to dismiss (Dkt. 136). The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

---

[1] Even if Plaintiff's claims were timely, the Court's decision would not change as the Order (Dkt. 152) was neither clearly erroneous nor contrary to law.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 27, 2019
Rochester, New York